## Rogers v. G. C. Murphy Company

*Francis J. Fornelli*, for plaintiffs.
*James A. Stranahan, 3rd*, for defendants.

ACKER, J., September 20, 1968.—The issue for determination is whether plaintiffs may require defendant by interrogatories to disclose the present

whereabouts of a stool, over which the wife-plaintiff alleges she fell in defendant's store. Procedurally it arises through a "Motion for Sanctions".

Plaintiffs' trespass complaint states that while shopping in defendant's store in Sharon she "was caused to trip and fall by reason of a steel stool of the defendant's, that had been negligently placed in the aisle of the defendant's store, . . . "

Pursuant to Pa. R. C. P. 4005, interrogatories were served upon defendant. Question 5(b) reads: "Does the defendant presently have this stool in its possession? If not, where is this stool now"?

To this defendant answered, "No," leaving the second question unanswered. Believing defendant may have overlooked the second question, plaintiffs' counsel wrote defendant's counsel suggesting a possible inadvertence, thus bringing the failure to his attention. To this defendant responded, at the time of the presentment of a motion for sanctions, that the question was immaterial and, in any event, plaintiff herself described the stool in her own deposition.

Considering the last contention first, plaintiff by deposition, pages 11 and 12, answered with an initial qualification: " . . . sizes I am not too good. . . .," but it was about 12 inches wide and "in the neighborhood of six to eight inches high". It was "dirty gray and that's it. It is just too small to see. As I said, unless you were looking at the floor you couldn't see it, not normally, I mean".

A plaintiff is not bound by her memory at the time of receiving an injury to the exact dimensions of the instrumentality involved in her fall when determining whether discovery is proper. There are many cases requiring the production of the object involved.[1]

---

[1] Rosenblum v. United Natural Gas Co., 11 D. & C. 2d 340; Caiarelli v. Peoples Natural Gas Co., 101 Pitts. L. J. 41; Naylor v. Baker's Merchandise Co., Inc., 84 D. & C. 529.

In Talley v. Ford, 35 D. & C. 2d 777 (1964), although the court did not order defendant to "re-run" the scene of the accident with his vehicle, it did require the vehicle be turned over to the inquirer to permit it to be driven to the scene to test it there.

Further, it is difficult to conjure what could be more material than the size, shape, and color of the object which allegedly caused the fall. Certainly, if it were produced at trial, it would be received. But even if it were inadmissible at trial, it might well be a proper subject for inquiry through interrogatories or depositions. The requirement of competency and admissibility and even hearsay, in some instances, are no longer valid objections to pretrial discovery.[2]

The remedy of defendant, however, to prevent the possibility of sanctions was to request a protective order under Pa. R. C. P. 4012.

If plaintiffs have a right to inspect the stool, can it be said they have no right to find out from its owner where it can be found? To permit defendant to refuse to tell its whereabouts nullifies the right to inspect: 4 Goodrich-Amram, §4009-6, page 179, states:

"Therefore, if there is any question as to whether the items in question exist, or where they are located, the applicant may use either Rule 4005 or 4007 as preliminary discovery devices".

The motion for sanctions requests attorney's fees and costs to be imposed upon defendant, incurred as a result of defendant's refusal to answer the interrogatory. This request was withdrawn at the presentment of the motion. Therefore, the following order is appropriate.

ORDER

And now, September 20, 1968, it is hereby ordered that defendant answer interrogatory 5(b) within 20 days of this order or prior to pretrial, whichever may be sooner.

---

[2] See opinion of this Court in Billig v. Garbler, September term, 1967, no. 149, in the Court of Common Pleas.